## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| OPEN ACCESS INSURANCE LLC, | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |
| _____/ | : | |

Plaintiff George Moore (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      However, the TCPA does not only restrict robocalls, and George Moore ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging

that Open Access Insurance LLC ("Open Access") made telemarketing calls to numbers on the National Do Not Call Registry.

3.      Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.      Plaintiff George Moore is an individual citizen and resident of this District.

6.      Defendant Open Access Insurance LLC is a Florida limited liability company that is registered to do business in the State of Illinois.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.      This Court has personal specific jurisdiction over Open Access because it offers insurance related goods and services in this District as a result of the telemarketing calls it makes, just as it did with the Plaintiff. Moreover, Open Access is registered to do business in Illinois.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11.      § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15.     Defendant Open Access is a "person" as the term is defined by 47 U.S.C. § 153(39).

16.     At no point has the Plaintiff sought out or solicited information regarding Defendant Open Access's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

17.     Plaintiff Moore's telephone number, 630-XXX-1188, is a residential telephone line.

18.     It is not associated with a business and is used by Mr. Moore only.

19.     The telephone number has been on the National Do Not Call Registry since July 6, 2003.

20.     Plaintiff Moore received several telemarketing calls from the "Medicare Health Center", which is a name utilized by Open Access or its telemarketer, including at least on October 20 and 21, 2020, August 17, November 2, 6, 15, and 18, 2021.

21.     When Plaintiff answered the calls, he was offered a sales pitch for Medicare insurance services.

22.     The calls included use of locally "spoofed" Caller IDs to make it appear as if the call was local and increase the chance of someone answering.

23.     This is a further indication of *en masse* calling.

24.     Mr. Moore was not interested in the services being offered and terminated or attempted to ignore all of the calls until November 15, 2021.

25.     Mr. Moore attempted to investigate the call on November 15, 2021 to identify who was calling him, but the call was dropped by the telemarketer.

26.     However, during the call on November 18, 2021, Open Access employee "Gabi" offered Mr. Moore an insurance plan that she claimed had a $0 premium and $0 deductible.

27.     "Gabi" then identified herself as Gabi Floyd.

28.     Ms. Floyd is licensed to offer insurance through Open Access Insurance and is licensed to solicit insurance on their behalf.

29.     She provided a call back number of (813) 699-7002.

30.     This is a phone number for Open Access Insurance.

31.     On December 13, 2021, Mr. Moore sent correspondence to Open Access requesting that he no longer receive calls and asking for a copy of the company's Do Not Call policy.

32.     He did not receive one.

33.     Mr. Moore also asked Open Access to identify the reason he received the calls.

34.     He did not receive a response.

35.     The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Open Access' Medicare insurance services.

36.     These calls therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

37.     Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

38.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of a national class of all other persons or entities similarly situated throughout the United States.

5

39.     The class of persons that Plaintiff propose to represent are defined as follows (collectively referred to as the "Class"):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

40.     Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41.     The Class, as defined above, is identifiable through telephone records and telephone number databases.

42.     The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

43.     Individual joinder of these persons is impracticable.

44.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

46.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47.     This class action complaint seeks injunctive relief and money damages.

48.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.     whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.     whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

49.     Plaintiff's claims are typical of the claims of the Class.

50.     Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

51.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

53.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The

interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

54.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

55.     Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

56.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

57.     Defendant's violations were negligent, willful, or knowing.

58.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

59.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F.     An award to Plaintiff and the Class of damages, as allowed by law; and

G.     Orders granting such other and further relief as the Court deems necessary, just,

and proper.

                              PLAINTIFF,
                              By his attorney

                              */s/ Anthony I. Paronich*
                              Anthony I. Paronich
                              Paronich Law, P.C.
                              350 Lincoln Street, Suite 2400
                              Hingham, MA 02043
                              (508) 221-1510
                              anthony@paronichlaw.com